UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE and EDWARD HESLING,<br><br>Plaintiffs,<br><br>v.<br><br>AVON GROVE SCHOOL DISTRICT,<br><br>Defendant. | CIVIL ACTION<br><br>No. 02-8565 |

**MEMORANDUM**

This is one of three related actions, consolidated for pre-trial purposes, filed by plaintiff Christine Hesling against the Avon Grove School District ("the school district" or "the district") and its administrators.[1] On April 18, 2006, this court entered summary judgment against plaintiff in her case against Thomas Seidenberger, the former superintendent of the school district. *See Hesling v. Avon Grove Sch. Dist.*, No. 04-cv-4874, 428 F. Supp. 2d 262 (E.D. Pa. 2006), *aff'd sub nom. Hesling v. Seidenberger*, 286 F. App'x 773 (3d Cir. 2008). Subsequently, by order dated November 4, 2009, this court granted summary judgment to the remaining individual administrator-defendants in *Hesling v. Massaro*. *See* No. 03-cv-5795, Docket No. 69. Currently pending before this court is the summary judgment motion filed by the school district (docket no. 86) – the

---

[1] Edward Hesling, Christine Hesling's husband, is also named as a plaintiff in this case, but was not a plaintiff in the related matters.

last remaining defendant in any of the three cases.[2] Plaintiffs have filed a response in opposition (docket no. 89).

Like *Seidenberger* and *Massaro*, this case arises out of plaintiffs' interactions with the school district both (1) in their capacities as the parents of two children with learning disabilities, and (2) in Christine Hesling's role as an advocate on special education issues and her former role as a freelance reporter for local newspapers. In short, plaintiffs believe that the district and its officers retaliated against them for contesting their children's educational plans and for an article that Christine Hesling wrote concerning a meeting of the district's school board. In this case, defendant's sole argument in support of its summary judgment motion is that this court's reasons for granting summary judgment in *Seidenberger* "appl[y] as much to the Avon Grove School District as [they] did] to . . . Dr. Seidenberger[] acting in his official capacity." Defs.' Mem. at 1-2.

More specifically, as to plaintiffs' claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and Rehabilitation Act, 29 U.S.C. § 791 *et seq.*; and the 42 U.S.C. § 1983 count attendant on these statutory claims (Counts 1, 3, 4, and 5 of the amended complaint), defendant argues that "Plaintiffs have failed to exhaust the administrative process mandated by Congress in the IDEA." Defs.' Mem. at 1. In

---

[2] Seidenberger was originally named as a defendant in both number 04-cv-4874 and this case. However, after this court granted summary judgment to Seidenberger in the 2004 case, plaintiffs stipulated to his dismissal from this lawsuit. *See* Docket No. 96.

dismissing the IDEA count in *Seidenberger*, this court held that exhaustion was required, because plaintiff sought both compensatory damages – which were, at that time, arguably unavailable in IDEA administrative proceedings – and "declaratory relief for violation of her rights under the IDEA – [which] is available through the statute's administrative proceedings." *Seidenberger*, 428 F. Supp. 2d at 275. Plaintiffs do not argue that this reasoning does not apply to their case against the school district; rather, they assert that *Seidenberger* was incorrect.

In the wake of *Seidenberger*, however, courts in this district have continued to require exhaustion when IDEA plaintiffs seek both declaratory relief and damages. *See Centennial Sch. Dist. v. Phil L. ex rel. Matthew L.*, No. 08-cv-982, 2008 WL 3539886 (E.D. Pa. Aug. 8, 2008); *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 559-60 (E.D. Pa. 2008) (Bartle, C.J.); *M.M. v. Tredyffin/Easttown Sch. Dist.*, No. 06-cv-1966, 2006 WL 2561242, at *7 (E.D. Pa. Sept. 1, 2006). Moreover, while plaintiffs argue that a claim for retaliation brought by parents is beyond the ken of IDEA administrative proceedings, the only opinion they cite for that proposition – *Herring v. Chichester Sch. Dist.*, No. 06-cv-5525, 2008 WL 436910, at *4 n.5 (E.D. Pa. Feb. 14, 2008) – is not on point. *Herring* does not say that retaliation claims are not cognizable in administrative proceedings; rather, Judge Yohn found that exhaustion was not required because plaintiff sought "relief in the form of compensatory damages," not "declaratory relief." By contrast, in *Evans v. Chichester School District*, 533 F. Supp. 2d 523, 530 (E.D. Pa.

2008), Judge Yohn agreed that a parent bringing a retaliation claim governed by IDEA "must first exhaust her administrative remedies." In short, nothing in plaintiffs' opposition persuades this court that the conclusion in *Seidenberger* that plaintiffs were required to exhaust their administrative remedies under the IDEA was incorrect. Summary judgment will therefore be granted to the defendant on plaintiffs' IDEA claim (Count 1 of the amended complaint).

Plaintiffs' ADA and Rehabilitation Act claims are premised on precisely the same allegedly retaliatory acts as their IDEA claim. *Compare* First Am. Comp. ¶ 57, *with id.* ¶¶ 64, 68. Further, as discussed above, plaintiffs "seek relief that is 'available' under the IDEA." *Centennial Sch. Dist.*, 2008 WL 3539886, at *3. Accordingly, pursuant to 20 U.S.C. § 1415(l),[3] "IDEA's exhaustion procedures apply to [plaintiffs'] claims under the Rehabilitation Act" and the ADA. *Id.*; *accord, e.g.*, *Blunt*, 559 F. Supp. 2d at 561. For this reason, summary judgment for the defendant is also proper on Counts 3 and 4 of the amended complaint.

Count 5 of the complaint pleads a § 1983 claim premised on violations of the IDEA, Rehabilitation Act, and ADA. However, "if there is no violation of a federal right, there is no basis for a section 1983 action." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). Accordingly, because defendants are entitled to summary judgment on plaintiffs'

---

[3] 20 U.S.C. § 1415(l) provides in pertinent part that "before the filing of a civil action under such laws seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]."

IDEA, ADA, and Rehabilitation Act claims, summary judgment will also be granted to the defendants on the attendant § 1983 count.[4]

Plaintiffs' remaining claims – Counts 7, 9, and 11 of the amended complaint[5] – all allege that the school district retaliated against them for the exercise of various First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. "Under 42 U.S.C. § 1983, . . . municipal liability only arises when a constitutional deprivation results from an official custom or policy." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). "Alternatively, a municipal entity can be held responsible where there is a failure to train or supervise employees, which reflects the deliberate indifference of officials to the rights of people who come in contact with those employees and which results in a deprivation of plaintiff's federal rights." *Seidenberger*, 428 F. Supp. 2d at 270. In *Seidenberger*, this court concluded that plaintiff did "not adequately allege or offer evidence of a policy of retaliation by the District against Ms. Hesling or others similarly situated." *Id.* at 271.

The school district argues that the same conclusion applies in this case, which – as it was consolidated with *Seidenberger* and *Massaro* for pre-trial purposes – involves the same record as *Seidenberger*. Plaintiffs respond that *Seidenberger* is distinguishable,

---

[4] Summary judgment on this count would also be required, at least insofar as Count 5 is premised on underlying violations of the IDEA and Rehabilitation Act, because "§ 1983 is not available to provide a remedy for defendants' alleged violations" of those statutes. *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 806 (3d Cir. 2007) (en banc).

[5] Counts 2, 6, 8, 10, 12, and 13 of the amended complaint were pled against Seidenberger alone.

because that opinion "had no occasion to address whether the District, through its Board of Directors, violated Plaintiffs' rights." Pls.' Mem. at 2. Plaintiffs, however, point to no evidence to support their contention that actions by the school board raise a genuine issue of material fact as to whether the district had "an official custom or policy" of retaliation. Nor do the allegations in the complaint against the school district distinguish this case from *Seidenberger* on plaintiffs' proposed ground; the complaint is devoid of any factual averments concerning specific acts – retaliatory or otherwise – by school board members.[6] In short, plaintiffs have presented no compelling reason to distinguish this court's decision in *Seidenberger*, and summary judgment for the defendant will therefore be granted on plaintiffs' First and Fourteenth Amendment claims (Counts 7, 9, and 11 of the amended complaint).

An appropriate order accompanies this memorandum.

---

[6] In particular, although Counts 7 and 11 of the complaint against the school district – which allege retaliation for (1) the Heslings' exercise of their right to redress grievances, and (2) Christine Hesling's "advocacy and organizational activities," First Am. Compl. ¶ 89 – have no parallel in the complaint in *Seidenberger*, the factual allegations underlying those counts are identical to those underlying plaintiffs' expressive activity claim, which is included in the *Seidenberger* complaint.